# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 26-mj-40 (DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| NEKIMA VALDEZ LEVY-ARMSTRONG a/k/a "Nekima Valdez Levy-Pounds"; and CHAUNTYLL LOUISA ALLEN, | |
| Defendants. | |

---

Robert Keenan and Orlando Sonza, **United States Department of Justice, Civil Rights Division, Washington, D.C.**, for Plaintiff.

Jordan S. Kushner, **Law Office of Jordan S. Kushner, Minneapolis, MN**, for Defendant Nekima Valdez Levy-Armstrong.

Jill Anna Brisbois, **The JAB Firm, Minneapolis, MN**, for Defendant Chauntyll Louisa Allen.

This matter comes before the Court on the United States' application and motion for emergency stay and for review and revocation of U.S. Magistrate Judge Douglas L. Micko's release orders. ECF Nos. 7, 17. Because the United States fails to meet its burden to demonstrate that a detention hearing is warranted, or that detention is otherwise appropriate, the Court denies the motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendants Nekima Valdez Levy-Armstrong and Chauntyll Louisa Allen were charged by criminal complaint with conspiracy against rights in violation of 18 U.S.C.

§ 241.  ECF No. 1.  That statute makes it illegal for two or more people to "conspire to injure, oppress, threaten, or intimidate any person" in the "free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States." 18 U.S.C. § 241.  The affidavit supporting the complaint specifically identifies the right as the free exercise of religion at a place of religious worship.  ECF No. 1-1 at 2.  The affidavit details that on the morning of Sunday, January 18, 2026, at approximately 10:30 a.m., "a group of approximately 30-40 agitators, working together in a coordinated manner" entered a church in St. Paul during a religious service and engaged in conduct that "disrupted the religious service and intimidated, harassed, oppressed, and terrorized the parishioners, including young children, and caused the service to be cut short and forced parishioners to flee the church out of a side door, which resulted in one female victim falling and suffering an injury."  *Id.* at 2–3.  The statute provides for a $250,000 fine and up to ten years in prison.  18 U.S.C. § 241.

On January 22, 2026, Defendants made their initial appearances before Magistrate Judge Micko.  The United States moved for a detention hearing, and Magistrate Judge Micko found a detention hearing was not authorized.[1]  ECF Nos. 9, 11.  An order setting conditions of release issued as to both Defendant Levy-Armstrong, ECF No. 12, and Allen, ECF No. 15.

---

[1] Even so, Magistrate Judge Micko asked the United States if it would have additional evidence to present were he to have held a detention hearing.  The attorneys for the United States confirmed that there was no additional evidence they would offer.  In addition, Magistrate Judge Micko indicated on the record that he would come to the same decision even if he had held a formal detention hearing.

2

Magistrate Judge Micko imposed individualized conditions to assure that the Defendants appear at future court proceedings and to protect the safety of the community. Those included: (1) supervision by U.S. Probation and Pretrial Services; (2) travel outside of Minnesota restricted unless approved by a supervising officer; (3) no-contact with any victims or witnesses of the charged offense; (4) no possession of a firearm, destructive device, or other weapon; and (5) at the request of the United States, a stay-away condition which reads: "Defendant shall stay away from the church location identified in the Complaint Affidavit. 'Stay away' means no closer than the public sidewalk nearest to the location of the Church." ECF No. 12 at 2–4; ECF No. 15 at 2–4. Magistrate Judge Micko ordered Defendants' release on an appearance bond. ECF No. 12 at 6; ECF No. 13; ECF No. 15 at 6; ECF No. 16.

The United States immediately moved for a stay and review and revocation of Magistrate Judge Micko's orders. ECF No. 7. The United States' motion to stay the release orders was granted in part pending disposition of the review of Magistrate Judge Micko's release orders. ECF No. 18. The Court ordered expedited briefing and directed Defendants to file a response by 10:00 a.m. on January 23, 2026, at which time the Court would decide the appeal based on the written submissions and without additional hearing. ECF No. 19. Defendants timely submitted their response. ECF No. 21.

## ANALYSIS

### A.     Standard of Review

If a person is ordered released by a magistrate judge, the attorney for the United States may file, with the court having original jurisdiction over the offense, "a motion for

3

revocation of the order or amendment of the conditions of release," and the court shall decide the motion "promptly." 18 U.S.C. § 3145(a). In considering such a challenge, a court must review the record de novo.[2] *See United States v. Maull*, 773 F.2d 1479, 1481–82 (8th Cir. 1985) (en banc). A defendant cannot be detained unless the United States establishes by a preponderance of the evidence that no set of conditions will reasonably assure the defendant's presence or establishes by clear and convincing evidence that no set of conditions will assure the safety of others and the community. *United States v. Orta*, 760 F.2d 887, 891, 891 n.20 (8th Cir. 1985) (en banc). The Court is mindful of the Bail Reform Act's directive that the judge must impose the "least restrictive" conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

### B.     United States' Section 3142(f)(1) Argument

First, the United States argues that the charge at issue here—a conspiracy against rights—establishes a right to a detention hearing under 18 U.S.C. § 3142(f)(1). Under that section, a judge shall hold a hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety

---

[2]     The Court has reviewed the Criminal Complaint and Affidavit in Support of a Criminal Complaint, ECF Nos. 1, 1-1; the Application for Review or Reconsideration of Order Setting Conditions of Release or Detention (18 U.S.C. § 3142) and Request for Hearing, ECF No. 7; the Orders Setting Conditions of Release, ECF Nos. 12, 15; the United States' Motion for Emergency Stay and for Review and Revocation of Release Orders, ECF No. 17; Defense Motion Opposing Government's Motion for Emergency Revocation of Release Order, ECF No. 21; and the audio recording of Magistrate Judge Micko's hearings for Defendants Levy-Armstrong and Allen.

of any person and the community. To proceed under Section 3142(f)(1), the United States must demonstrate that the case fits in one of five enumerated categories. *See* 18 U.S.C. § 3142(f)(1)(A)–(E). The United States argues that the charge is a "crime of violence" under Section 3142(f)(1)(A) or a felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device or any other dangerous weapon under Section 3142(f)(1)(E). The United States, however, offers no factual or legal support for their assertions. The Court has found none.

The charged conspiracy is not a crime of violence and does not involve a minor victim as that term is identified in Section 3142(c)(1)(B). And the Court finds more persuasive Defendants' argument that the element to "injure, oppress, threaten, or intimidate" a person in the exercise of federal rights does not require physical force, ECF No. 21 at 3–7, as is required to qualify an offense as a "crime of violence," *see* 18 U.S.C. § 3156(a)(4) (defining "crime of violence" to mean an offense that has an element of physical force or an offense that, by its nature, involves a substantial risk that physical force may be used in its commission). The United States is not entitled to a bond hearing under 18 U.S.C. § 3142(f)(1). Consequently, the United States' first basis for revocation is unavailing.[3] The Court turns to the United States' second argument.

---

[3] Like Magistrate Judge Micko, the Court finds that even if it held a detention hearing, the result in this case would remain the same.

### C.     United States' Section 3142(f)(2) Argument

The United States' second argument is that detention is warranted because there is a serious risk that the Defendants will flee. ECF No. 17 at 7–9; 18 U.S.C. § 3142(f)(2)(A). The bulk of the evidence marshaled at oral argument and in the United States' subsequent brief focuses on recent activity of Defendants Levy-Armstrong and Allen. While federal agents were surveilling Levy-Armstrong on January 21, 2026, they observed her coming and going from a hotel in downtown Minneapolis. ECF No. 17 at 6. She appeared to commit multiple traffic violations, including making rolling stops through posted stop signs. *Id.* She also was observed driving the wrong way in the hotel's alley. *Id.* Agents observed Levy-Armstrong with other adult women, moving between three separate hotel rooms rented by Levy-Amstrong, with suitcases and travel bags. *Id.* at 7. The United States argues that this behavior is "reckless" and demonstrates "preparations to flee or relocate." *Id.* at 7–8. Based on this evidence, the United States argues that Magistrate Judge Micko's release order does not adequately mitigate the risk of non-appearance, so detention is warranted—or, at a minimum, substantial additional conditions should be ordered. *Id.* at 8.

The evidence of risk of non-appearance that the United States presents in relation to Allen is similar. Federal law enforcement surveillance of Allen showed her carrying duffle bags "suggesting movement of belongings consistent with temporary lodging or relocation." *Id*. The United States also cited Allen's "history of non-appearance in court." *Id.* at 9.

Defendants argue that the United States has not met its burden that they posed a "serious risk" of flight. ECF No. 21 at 6 (citing *United States v. Cook*, 87 F.4th 920, 923 (8th Cir. 2023) (affirming magistrate judge's determination that a "serious risk of flight" is "above and beyond just the person might not show up"). They correctly note, and the United States does not dispute, that Defendants are professionals—Levy-Armstrong is a lawyer, activist, and community leader, and Allen is an elected member of the St. Paul School Board, educator, advocate, and community leader—and they are without any substantive criminal convictions. ECF No. 21 at 7. Defendants challenge the United States' "tenuous" risk-of-flight argument when the Defendants are staying in a hotel in the same community where they live. *Id.* Defendants explain that they were staying in hotels because of the widespread dissemination of their home addresses and death threats that they have received. *Id.* They argue that the United States is mischaracterizing a temporary relocation in the same community—a rational response to an immediate and serious threat, they claim—as evidence of flight. *Id.*

In conducting a de novo review, it is the Court's position that, on this record, the United States has not met its burden to demonstrate a serious risk of flight under 18 U.S.C. § 3142(f)(2)(A). There is no evidence that (for example) the Defendants own homes abroad or even outside of Minnesota, or that they have family abroad, or close ties to a particular foreign country, or that they have made any plans or preparations to flee, or that they have ever knowingly evaded law-enforcement officers. To the contrary, Defendants have strong ties to Minnesota and did not flee (in fact, they are staying at a hotel in downtown Minneapolis known to federal law enforcement)—despite knowing that they

7

were being investigated. The United States' risk-of-flight evidence is simply speculative. And there are certainly conditions that the Court believes more than mitigates any risk of non-appearance. Indeed, Magistrate Judge Micko has imposed them, including that Defendants' travel "be restricted to Minnesota unless approved by the supervising officer." ECF No. 12 at 2 (condition (7)(f)); ECF No. 15 at 2 (condition (7)(f)). That is sufficient.

Given the United States' focus on risk of flight and request that the conditions of release must be sufficient to ensure appearance, ECF No. 17 at 9, the Court will impose two additional conditions. Those include (1) that the Defendants surrender any passport or other foreign travel document and (2) that during the pendency of this case, the Defendants not apply for or obtain a passport or other foreign travel document. With these additional conditions, the Court is confident that it has followed the Bail Reform Act's directive to impose the "least restrictive" conditions that "will reasonably assure the appearance of [Levy-Armstrong and Allen] as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

For these reasons, after conducting its own independent review, the Court agrees with Magistrate Judge Micko and finds that release is warranted because there are conditions or combination of conditions that will reasonably assure that Levy-Armstrong and Allen will appear at future proceedings and not endanger the community. The Court also has considered the United States' alternative request for a $10,000 appearance bond to be signed by the Defendants, ECF No. 17 at 1, and rejects it. The standard personal recognizance appearance bond used in this District is appropriate here. The appearance bonds, along with the individualized conditions of release that have been imposed, are

8

sufficient to mitigate against the risk of the Defendants' non-appearance or harm to the community.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The United States' Application for Review or Reconsideration of Order Setting Conditions of Release or Detention (18 U.S.C. § 3142) and Request for Hearing (ECF No. 7) and Motion for Emergency Stay and for Review and Revocation of Release Orders (ECF No. 17) are **DENIED**.

2. Defendants are hereby **ORDERED RELEASED** under 18 U.S.C. § 3142(c).

3. Defendants are **ORDERED** to comply with two additional conditions of release (7)(d)[4] and (7)(e)[5] in the Orders Setting Conditions of Release (ECF Nos. 12 and 15).

4. Defendants are **ORDERED** to certify their compliance with the additional conditions of release no later than 5:00 p.m. on January 26, 2026, by filing a declaration on CM/ECF.

Dated: January 23, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

---

[4] Condition (7)(d) requires defendants to surrender any passport, Visa, Advanced Parole Document, Refugee Travel Permit/Reentry Document, or other foreign travel document.

[5] Condition (7)(e) requires that defendants not obtain a passport, Visa, Advanced Parole Document, Refugee Travel Permit/Reentry Document, or other foreign travel document.